UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI ROCKEFELLER,<br>Petitioner<br>v.<br>LOS ANGELES COUNTY SHERIFFS DEPARMENT,<br>Respondent. | Case No. 2:19-cv-06858-DOC (GJS)<br><br>**ORDER: SUMMARILY DISMISSING PETITION; AND DENYING A CERTIFICATE OF APPEALABILITY** |

On August 7, 2019, Petitioner filed a habeas petition ostensibly pursuant to 28 U.S.C. § 2254 [Dkt. 1, "Petition"]. The Petition seeks Section 2254 habeas relief with respect to a pending criminal case, namely, Los Angeles County Superior Court Case No. BA471603 (the "Pending Criminal Case"). On the same date that the Petition was filed, Petitioner filed a Request for Emergency Stay [Dkt. 3, "Request], in which he asked the Court to stay the trial in the Pending Criminal Case.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires summary dismissal of Section 2254 petitions "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. The Court has reviewed the

Petition and its attachments, the August 14, 2019 Order to Show Cause issued by United States Magistrate Judge Gail J. Standish [Dkt. 6, "OSC"], and Petitioner's untimely response to the OSC [Dkt. 7, "Response"] carefully and, further, has taken judicial notice, pursuant to Federal Rule of Evidence 201, of the dockets for the California courts available electronically. Having done so, and for the following reasons, the Court finds that summary dismissal of this action, without prejudice, is required pursuant to the abstention doctrine.

## BACKGROUND

The dockets for the Los Angeles County Superior Court show that the Pending Criminal Case stems from a charged September 20, 2018 criminal violation, and was initiated on September 24, 2018, against someone named "Nicholas Garcia." "Nicholas Garcia" was charged with domestic violence, violation of a protective or stay away order, stalking, and criminal threats. Following the October 30, 2018 preliminary hearing, the Pending Criminal Case thereafter proceeded against "Levi Princeton Rockafellor." Petitioner has filed this action under the name "Levi Rockefeller," The Court assumes that Petitioner is the same person as "Levi Princeton Rockafellor" and, presumably, "Nicholas Garcia."[1]

---

[1] The OSC noted these varying names and expressly directed Petitioner, in his Response, to provide clarification regarding the fact that, with respect to the various state criminal actions the Petition alleges have been filed against him (as discussed herein), state court dockets repeatedly indicate the name "Nicholas Garcia" as defendant in initial filings and then were amended to read "Levi Rockefeller" or some variant thereof as the defendant. Although Petitioner notes this question, he dodges it (*see, e.g.,* Response pp. 10-11), failing to respond to the simple question posed by the OSC – *to wit*, are "Nicholas Garcia" and "Levi Rockefeller" the same person for purposes of the various Los Angeles Superior Court criminal cases the Petition alleges have been filed against him? Moreover, even though this information is within his own personal knowledge, in his Response (at pp. 11, 23-24), Petitioner now asserts that he "may not be the accused (No. GA105379)" and professes to be unable to know whether or not he is the defendant in that case, notwithstanding that, in the Petition, Request and Response, he specifically alleges that Case No. GA105379 was a "second case" in which *he* was charged and vigorously complains about the case for a number of reasons, including asserting that it is a wrongful prosecution against *him* and that his counsel has improperly referred *him* for mental competency proceedings. Petitioner cannot

2

The Pending Criminal Case was set for trial in January, in February, and then again in May 2019, but trial has not yet occurred. The most recent docket entries for the Pending Criminal Case are: one on July 23, 2019, which reflects a hearing into Petitioner's mental competence; and one on September 1, 2019, which simply reads "Docket Line Entry."

The dockets for the California Court of Appeal and the California Supreme Court show that, in connection with the Pending Criminal Case, Petitioner has filed numerous mandamus petitions, stay requests, and petitions for review in March, June, and July 2019, all of which were denied. Petitioner filed a habeas petition in the California Supreme Court on July 29, 2019 (Case No. S257128), which was denied on October 16, 2019. He also filed two petitions for a writ of mandate/prohibition in the state high court on October 7, 2019 (Case Nos. S258442 and S258464), which apparently are pending.

Thus, the record shows that Petitioner has not yet been convicted in connection with the Pending Criminal Case, the predicate for the Petition .

On August 14, 2019, Magistrate Judge Standish issued the OSC in this case. As discussed below, the OSC explained to Petitioner that abstention appears to be required in this case, as well as dismissal of the action without prejudice. The OSC directed Petitioner to file a response by no later than September 18, 2019, addressing the abstention issue as well as clarifying various other matters identified in the OSC. The September 18, 2019 deadline passed, and Petitioner neither responded to the OSC on a timely basis nor sought additional time to do so. However, belatedly on October 3, 2019, Petitioner filed the Response to the OSC, which the Court has considered despite its untimeliness.

---

have it both ways. Either he is the criminal defendant in Case No. GA105379 or he is not, and if he is not, he cannot complain herein or in any other action about any events in that case.

3

**THE PETITION**

As noted in the OSC, the claims Petitioner has alleged through the Petition are difficult to determine clearly.[2] The Petition directs the Court to see "Grounds One through Ten in the attached handwritten petition" but there is no such document attached to the Petition. The Response (at 12) confirms the OSC's assumption that this directive was a reference to Petitioner's lengthy Request instead, which at pages 7-10, lists 12 items under "Grounds raised,"[3] followed by close to 60 pages of rambling narrative. The Response (at 14-15) purports to restates the 12 grounds assertedly raised through the Petition, which when read with the Petition and Request, appear to complain about the following briefly summarized matters:

Petitioner alleges that he is proceeding pro se in the Pending Criminal Case and that various persons – the trial court judge, former counsel, the prosecutor – have failed to provide him with materials he has requested, such as pretrial transcripts, prior attorney case files, etc. and/or have failed to meet their purported *Brady* obligations. Petitioner asserts that the prosecutor made a "not true" statement about Petitioner's prior counsel, which somehow relates to the filing of a "second case in

---

[2] The OSC observed that the Petition makes a number of cryptic and confusing references to a host of other pending criminal actions (discussed below), and thus, it is unclear whether only the Pending Criminal Case is challenged by this Petition or whether Petitioner also seeks relief with respect to other of his pending state criminal proceedings. In his Response, Petitioner acknowledges this question posed by the OSC but fails to clarify his intent, stating only that he "re-asserts his desire to have this court honor review of those numerous petitions for eaches [*sic*] claims, issues, due process of law violations and other Constitutional rights Deprivation beyond Petitioner's XIV and VI and VIII Amendment stated claims." (Response at 12.)

[3] As the OSC noted, for many of these grounds, Petitioner states "no court has ever ruled on this ground raised," which led the Magistrate Judge, as well as this Court, to question whether Petitioner has exhausted all of his habeas claims. In his Response (at 13), Petitioner again fails to provide clarity, asserting that he has exhausted his claims but then indicating he has raised them "in one form or another; by informal and formal request for the Brady evidence at all state court levels." This vague statement does not inspire confidence that the claims alleged in the Petition are, in fact, exhausted. While lack of exhaustion alone could be a basis for dismissing this action, depending on further developments, the Court nonetheless declines at this time to resolve the exhaustion issue.

(No GA105379) charging Petitioner." According to the Los Angeles County Superior Court dockets, Case No. GA105379 has been brought against "Nicholas Garcia."[4] In his Response (at 16), Petitioner explains that this "not true" contention stems from an instance in which his counsel declared a conflict in September 2018, in a different case (No. BA471603) and "then imposed itself in a second case" (No. GA105379) without notice or authority, which he states means that counsel referred Petitioner for a mental competency evaluation in No. GA105379. Petitioner also complains that an unspecified "structural error" by the prosecutor somehow caused Petitioner to be arrested and imprisoned for violating a restraining order following his 2015 conviction in a separate case (No. BA428706).[5]

In addition, Petitioner complains that the prosecutor submitted altered bodycam evidence in audio format only and submitted altered photographs in lieu of the bodycam video. Petitioner further complains that he told the trial court and his former counsel that unspecified interviews, the preliminary hearing, and unspecified transcripts are inaccurate, "because a wrong language interpreter was used" in connection with his wife, which he now (Response at 15) characterizes as "rendering interpolations rather than interpretations." Petitioner contends that the trial judge committed *Brady* error and violated judicial canons by ruling adversely to

---

[4] Case No. GA105379 is based on a claimed August 17, 2018 violation and was filed on March 14, 2019, charging "Nicholas Garcia" with two counts of domestic violence and one count of violation of a protective or stay away order. A preliminary hearing occurred on April 2, 2019, and a mental competency referral was ordered on April 23, 2019. The docket shows a number of subsequent entries for "Further Proceedings," with the next such "Further Proceeding" scheduled for November 6, 2019.

[5] As in the Pending Criminal Case, Case No. BA428706 initially was filed against "Nicholas Garcia" and thereafter proceeded against "Levi Princeton Rockefellor." The case is based on a charged August 25, 2014 violation. In a jury trial, Petitioner was found guilty of stalking on September 16, 2015, and received a year in jail and five years' probation. In mid-2018, violation proceedings commenced, although the violation hearing apparently has not yet occurred. On July 23, 2019, a mental competency hearing occurred. In his Response (at pp. 14, 17), Petitioner contends that he should not have been arrested in the first instance for violated a restraining order, because the alleged victim was "not a named party" in the underlying restraining order.

5

him. Petitioner asserts that court reporters keep creating transcripts that omit information relating to his defense, although they include information favorable to the prosecution. Petitioner alleges that the prosecutor violated *Brady* by failing to disclose an October 30, 2018 interview to Petitioner prior to the preliminary hearing. Finally, as the twelfth claim, the Petition alludes to the No. GA105379 case and unspecified government misconduct, violations of the California Penal Code, *Brady* violations, judicial misconduct, State Bar ethical violations, fraud upon the court, etc. In the Response (at 15), Petitioner describes this claim as one challenging various of the trial judge's rulings, although the allegations in this respect are unclear.

    As noted in the OSC, the remaining close to 60 pages of the Request are difficult to follow, and Petitioner's Response does little to clarify, instead (for the most part) directing the Court to review the Request or the Response itself or to obtain and review the entirety of Petitioner's trial court and state appellate and high court filings. In connection with the Pending Criminal Case, Petitioner appears to contend that the prosecutor has wrongfully denied the existence of, and failed to disclose, third and fourth interviews of his wife as recorded via police officer bodycam. Petitioner is unhappy (to put it mildly) with a number of rulings made by the trial judge as well as by her treatment of his investigator. Petitioner repeatedly characterizes the trial judge and the prosecutor as "vindictive" and retaliatory, although it is unclear to what he refers given the rambling nature of the Request and garbled nature of Ground 12 as set forth in the Response. In the Request, Petitioner also alludes to "criminal conduct" by the prosecutor, which in the Response, he explains means *Brady* error. In the Request, Petitioner labels Case No. GA105379 a "vindictive prosecution" but in his Response (at 20), states that what he really meant was: he experienced vindictive prosecution in the Pending Criminal Case when the prosecutor added a domestic violence charge after Petitioner exercised "his legal rights against the original charge"; and the prosecutor then filed Case No.

GA105379 against him after Petitioner "exercised his legal right." Petitioner makes a number of allegations regarding his former and/or standby counsel but it is close to impossible to figure out what he is complaining about; in the Response (at 21), Petitioner simply tells the Court to go look at the state record.[6]

As relief, both the Request and the Petition seek an immediate stay of Petitioner's trial in the Pending Criminal Case. In his Response (at pp. 22-23), Petitioner say that a "stay is not requested at this time" and moves to withdraw his stay request. The Petition also asks the Court to, *inter alia*, appoint counsel and ask such counsel and the "real parties in interest" (who Petitioner list as the Los Angeles County Superior Court, the State of California, the California Attorney General's Office, and the State Bar of California) to perform an expedited review of *all* of Petitioner's criminal cases, including a review of whether he is entitled to bail, and to calculate his credits; order a bail hearing in one or more of Petitioner's state criminal cases; hold that Petitioner has been improperly denied materials needed to proceed pro per and prepare his defense in the Pending Criminal Case; make various determinations regarding the propriety of the trial judge's actions and decide whether she should have been disqualified; adopt an unidentified "rule" pursuant to one of the Ninth Circuit's numerous published or unpublished decisions in *United States v. Amlani*; and hold an evidentiary hearing regarding whether the prosecutor has committed state law crimes by altering evidence, violated *Brady*, and committed fraud upon the trial court. In the Response (at 22), Petitioner states that he wishes to

---

[6] The Court notes that the Petition appends a declaration purportedly made by someone named "Ben Ramirez," who complains about allegedly altered bodycam recordings in connection with a case brought against him following his April 2018 arrest (No. GA103284-01). The Los Angeles County Superior Court dockets shows that, in May 2018, someone named "Ben Aris Ramirez" was charged with domestic violence, burglary, robbery, vandalism, and violation of a protective or stay away order, and he was convicted of domestic violence on July 19, 2019, following a nolo contendere plea, and he received two years in state prison. The OSC noted that this declaration appears to be irrelevant to the Petition, with which Petitioner now agrees (Response at 21).

7

have "federal" counsel – specializing in government misconduct – appointed to review these matters and disavows any desire to have the "real parties in interest" perform such a review. He also disavows any intent to have this Court order bail and, instead, says he wants the Court to determine whether he has been held legally without bail for several years. (Response at 22.) Petitioner also asks the Court to add to the "real parties in interest" the following: "Vatche Tashjian"; "Kevin Avery"; and the California Commission on Judicial Performance. (*Id.*)

## ABSTENTION IS REQUIRED

The OSC explains why 28 U.S.C. § 2241, rather than 28 U.S.C. § 2254, governs this case, and the Court adopts that analysis herein. In short, because Petitioner has not yet sustained a state court conviction in the Pending Criminal Case, Section 2241, rather than Section 2254, governs this case. Accordingly, the Court will construe the Petition as having been brought under Section 2241, given that absent such a construction, dismissal would be required for lack of jurisdiction.

Only a limited number of pre-trial challenges have been found cognizable under Section 2241. Generally, pre-trial habeas challenges have been allowed only when a state defendant contends he is being deprived of his right to a speedy trial or the Double Jeopardy Clause will be violated if he is tried. *See, e.g., Braden v. 30th Judicial Circuit Court*, 93 S. Ct. 1123, 1126-28 (1973) (speedy trial); *McNeeley*, 336 F.3d at 824 n.1 (speedy trial); *Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992) (double jeopardy). However, even when a habeas challenge to a pre-trial situation states a possible claim of constitutional error, this does not mean that the claim should be considered by a federal court while the state criminal case is pending.

Under *Younger v. Harris*, 401 U.S. 37 (1971), a federal court generally must abstain from hearing a case that would enjoin or otherwise interfere with an ongoing state proceeding. *Younger* abstention is required with respect to state judicial

8

proceedings when three circumstances exist: (1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; (3) the state proceedings afford the litigant an adequate opportunity to raise his federal claims; and (4) the federal action would enjoin the state court proceeding or have the practical effect of doing so, namely, interfere with the state proceeding in a way of which *Younger* disapproves. *See, e.g., San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008). "*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution." *Spring Communications, Inc. v. Jacobs*, 571 U.S. 68, 72 (2013). In these circumstances, abstention is required unless there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

The *Younger* abstention rule applies not only to requests to enjoin state proceedings but to the consideration of claims that, if granted, effectively would result in an interference with pending state proceedings. For example, the Supreme Court has made clear that "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden*, 410 U.S. at 489 (citation omitted); *see also Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980) (observing that *Braden* "reaffirmed the established rule that federal adjudication of an affirmative defense prior to a state criminal trial" violates the *Younger* abstention doctrine and is "prohibited by principles of comity unless the petitioner could show that 'special circumstances' warranted federal intervention"). Abstention principles require a federal court to abstain from exercising habeas jurisdiction when the petitioner seeks relief based on an affirmative defense to the state prosecution, and the only exceptions to that rule are (a) when a prosecution is proven to be

9

undertaken in bad faith and is baseless, or (b) when extraordinary circumstances exist and irreparable injury is shown. *Brown v. Ahern*, 676 F.3d 899, 903 (9th Cir. 2012) *see also id.* at 900-01 (recognizing that "federal court's exercise of jurisdiction over a habeas petition that raises an affirmative defense to state prosecution before trial and conviction can have the same effect as a direct injunction of ongoing state proceedings" and, thus, *Younger* prohibits considering the petition).

*Younger* and its progeny reflect a longstanding public policy against federal court interference with pending state court proceedings. *See Green v. City of Tucson*, 255 F.3d 1086, 1094 (9th Cir. 2001) (en banc); *H.C. v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000). Principles of comity and federalism require federal courts to abstain from interfering with ongoing state criminal proceedings, absent extraordinary circumstances that create a threat of irreparable injury. *Younger*, 401 U.S. at 43-45. *Younger* abstention applies to both attempts to preclude and/or stay criminal prosecution in toto and attempts to obtain more limited or piecemeal intervention in state criminal actions. *See, e.g., Kugler v. Helfant*, 421 U.S. 117, 130 (1975) (federal courts should not "intervene piecemeal to try collateral issues" in state criminal prosecutions, such as a request to enjoin the admission of evidence); *Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 223 (9th Cir. 1994) (a request to enjoin enforcement of a criminal discovery statute and to suppress evidence obtained under that statute could not be entertained).

The concerns that motivate the *Younger* doctrine preclude this Court from granting both Petitioner's initial Request to stay his trial in the Pending Criminal Case (now apparently withdrawn) and his request for broader habeas relief through the Petition, and they require abstention and dismissal of this action. The Court finds that the four *Younger* elements exist here.

The first and second *Younger* elements are satisfied, because the Pending Criminal Case is ongoing, as are Case Nos. GA105379 and BA428706, about which

Petitioner also makes various complaints. These pending Los Angeles County Superior Court criminal cases implicate important state interests. The State of California's interest in prosecuting individuals charged with violating its laws is indisputable. *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief.") (citing *Younger*); *Rose v. Mitchell*, 443 U.S. 545, 585 (1979) (Powell, J., concurring) ("This Court repeatedly has recognized that criminal law is primarily the business of the States, and that absent the most extraordinary circumstances the federal courts should not interfere with the States' administration of that law.").

In the Response (at p. 24), Petitioner makes the novel argument that the Pending Criminal Case is "<u>not</u> ongoing," and that his state criminal cases do not implicate important state interests, because the trial judge has made erroneous rulings regarding Petitioner's mental competency, pro per rights, etc. (which, in turn, have delayed his trial), the trial judge is biased and prejudiced, the trial judge has abused her authority, and *Brady* errors have occurred. Whether or not these allegations ultimately could be proved, they stem from and go directly to the substance and merits of Petitioner's asserted 12 habeas claims; they have nothing to do with the first two *Younger* elements. That error is alleged to have occurred in connection with an ongoing state criminal case does not render the case not ongoing or vitiate a state's interest in prosecuting those charged with violating its laws. Petitioner further argues (*id.*) that until the prosecutor "proves" that Petitioner "is the correct body in case (No. GA105379)," no pending state criminal proceedings exist. This contention is frivolous. As noted above, Petitioner either is or is not the criminal defendant in No. GA105379 (and there is no reason to believe he is not). If (inexplicably) he is not, his complaints about the events in that case have no place here, and if he is, that case clearly is pending, as is the Pending Criminal Case on

which the Petition is founded. Petitioner's arguments are meritless and disingenuous, and the first and second elements supporting *Younger* abstention plainly are satisfied.

With respect to the third *Younger* element, the issues Petitioner raises in the instant Petition, if cognizable as constitutional claims, are matters of affirmative defense and can be raised within his pending criminal case and on state appeal should he be convicted. Thus, he has an opportunity to raise his constitutional claims in state court. The Supreme Court has made clear that the third element is satisfied if the constitutional claims may be raised in state court judicial review. *See Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 629 (1986); *see also Dubinka*, 23 F.3d at 224 (the existence of an opportunity to raise federal claims in state proceedings requires abstention).

Finally, with respect to the fourth element, the issues raised by the Petition, the Request, and the Response plainly threaten to interfere with Petitioner's state criminal proceeding(s) in a manner that contravenes *Younger*, regardless of his after-the-fact attempt to avoid the abstention doctrine by now claiming not to wish to stay his criminal case(s) at this time. Petitioner asks the Court to render findings that go to the core of those proceedings, including on such matters, *inter alia*, as whether he is being denied defense material improperly, or whether his counsel improperly declared a conflict and intruded in a second criminal case, or whether he should not have been charged with violating a restraining order when the victim was not named in the underlying restraining order, or whether the trial judge has rendered improper pretrial rulings on numerous matters, acted properly and should have been disqualified, or whether or not the prosecutor is violating *Brady* or has altered evidence or committed fraud upon the trial court. This is as clear an example as could be of a request for habeas relief that directly interferes with state criminal proceedings in derogation of principles of federalism and comity. The Petition asks this federal court to insert itself into the Pending Criminal Case (and possibly two

other pending state criminal cases) to a degree that directly interferes with the state court's handling of the case(s). This is something that *Younger* will not countenance.

While, as noted above, there is a limited exception to *Younger* when bad faith, harassment, or some other extraordinary circumstance causing irreparable injury exists, the Petition does not come close to establishing any such exception. First, "[o]nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971); *see also Juidice v. Vail*, 430 U.S. 327, 338 (1977) (without proof of bad faith or harassment, federal courts must abstain from intervention). Nothing in the Petition nor in the Request nor in the Response proves that the State of California has prosecuted Petitioner in bad faith without hope of obtaining a valid conviction. Petitioner's rambling and at times confusing allegations are just that – unsupported allegations – and they fail to provide any basis for concluding that the above-noted narrow exception to *Younger* might apply here. Moreover, even if the trial court erred in one or more rulings as Petitioner claims, this is insufficient to establish bad faith or harassment. *Hicks v. Miranda*, 422 U.S. 332, 251 (1975)

Second, the more general extraordinary circumstances coupled with irreparable injury exception can be invoked "only in the most unusual circumstances" to warrant interference with a state criminal case before "the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d 764, 765-65 (9th Cir. 1872) (per curiam). Irreparable injury does not exist if the threat to a petitioner's federally protected rights may be eliminated by his defense of the pending case. *Younger*, 401 U.S. at 46. Injuries stemming from "the cost, the anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal

13

sense of that term" to justify federal court intervention; rather, the "threat to the [Petitioner's] federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." *Id.* Here, Petitioner's allegations rest on matters that have occurred within his pending criminal case(s), and their asserted injurious effect may still be mooted should he prevail at trial or, if convicted, on appeal.

Petitioner has not demonstrated the type of "special circumstances" that warrant federal intervention. Neither the Request nor the Petition nor the Response set forth (much less prove) any reason for this Court to disregard comity and interfere in an ongoing state criminal case. As a result, Petitioner's allegations do not merit federal intervention, and comity dictates that this Court not interfere in his state criminal proceeding. The Court, therefore, must abstain in this case and dismiss the action.

Accordingly, IT IS ORDERED that: the Request is deemed withdrawn at Petitioner's request, and thus, a stay will not be ordered; the Petition is dismissed without prejudice; and Judgment shall be entered dismissing this action without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case (if one, in fact, would be required). See 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

**IT IS SO ORDERED.**

DATED: October 22, 2019

_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE